The next matter, number 24-1921, L.D. Lopez-Gomez v. Pamela J. Bondi. At this time, would counsel for the petitioners please introduce himself on the record to begin. Yes, good morning, Your Honor. It is my pleasure to serve on this honorable court, Attorney Todd Pommel on behalf of L.D. Lopez-Gomez. And there are two main reasons why this court should revert. Counsel, do you want to save any time for rebuttal? Excuse me, respectfully, one minute, please. There are two main reasons why this court should reverse the agency decision below. One is procedural. The second is substantive. The first procedural issue is that predecessor counsel files a timely notice of appeal, which is done through an electronic database, and then when tendering the brief, checks the wrong box, so it is submitted to the immigration court rather than the Board of Immigration Appeals. It's a, you know, minor defect. That would be similar to a courier delivering briefs after a properly filed petition review in this court and dropping them off at the bankruptcy court downstairs or maybe the federal district court, you know, and the BIA essentially treated that like a no-soup-for-you scenario where ruled that all the arguments were waived and wouldn't even address the briefs, where this is a life-and-death situation. A client was selling chickens in Guatemala at a local stand. She was a woman who faced gender violence in Guatemala. She has gang members leave a phone at her chicken stand, and she gets two phone calls extorting money from her. Five days later, two people show up with guns and threaten to kill her if she doesn't pay the money. This is witnessed by her father, who provided a declaration, and none of that's addressed by the BIA because of a check in the wrong box on an electronic database. That is an abuse of discretion if there ever was one, and on that basis alone, the court should rule in her favor and at least remand for the agency to consider the facts. But substantively, those same facts rise to the level of asylum- Do we have any authority? Let's say we agree with you on the first prong, but we think, oh, none of the arguments you actually made about asylum are right. What do we do? Well, we lose. Right? I don't know. Do you lose here? That's what appeals are for, and respectfully, no, we don't lose here when you look to the substantive evidence that was before the agency. Counsel, I think- Can I answer that question once more? My question is, as a court of appeals, if we think there was an abuse of discretion in not accepting your tendered brief, but based on the arguments you've made about asylum to this court, we don't see that they have merit, should you still get a remand, or should we proceed ahead to the merit arguments and resolve them? I think judicial economy, you should proceed and address the merits. That would be preferred. Can we do that, though, counsel, under the exhaustion rule? In other words, the usual rule is we can't actually consider arguments that the BIA, that the agency didn't consider, and because the agency did rule against you on the procedural question, as you said, decided not to consider the briefs, it actually didn't even have a chance to review the arguments you made or substantively analyze them. So I think, isn't the usual rule that we have to consider those non-exhausted and we'd have to remand to the agency? I say usually you would remand, but what's unique in this circumstance is the immigration judge has lots of evidence before her and conducts a full asylum hearing and addresses asylum and withholding. And those facts are before the BIA. The decision doesn't reference numerous facts, such as the declaration from her father in which two men show up with a gun, threaten to kill her, threaten to kill the family. The court errs in the particular social group distinction doesn't follow this court's precedent. What's the evidence the police would have done nothing? The evidence is in the administrative record, specifically, there was a Guatemala 2022 human rights report that talks about serious government corruption, lack of investigation of and accountability for gender-based violence. That's a quote.  Do you agree there was not even an attempt to contact the police in this case by this person? There wasn't because under the case law, whether it's if it was futile or if it would rise a level of more harm to her, she's not required to what's, what's, I mean, if, if we are taking your argument on the merit, what is the proof that it's would have been futile, just a report that describes general conditions in Guatemala with nothing about where she was, what happened? I mean, that, that, well, first and foremost, uh, yeah, it would have resulted in danger to her. She was threatened. Her father was threatened. That's every situation, right? Every situation that has any merit whatsoever is going to be a violent situation against a person by some non-governmental actor. And the general rule is you must go to the police and what gets you into asylum is that the police will not act to come to your aid. And all you're saying is there was violence and generally speaking, there's corruption in Guatemala. Therefore the evidence under the substantial evidence standard is so one sided that the only conclusion that could have been reached is that the police would have done nothing.  And that's based on page 325 of the administrative record talks about how, for example, there's a woman's observatory report on a government website. Roughly she had a 31% chance of a criminal complaint being issued because that's from the section about gender violence in Guatemala. It's in the country reports. So 31% of the time there police, there is a response by the government. Yeah. And then she has a 69% chance of possibly being murdered and the case law again says a threat to murder you rises to a level of a cognizable threat that you would not need to report it. These country conditions reports, you know, and following 2018 precedent, Rosallo, Juices versus Sessions, those country conditions alone can bolster claims of futility or danger. And this is a situation where she has a phone left at her business. She receives at least two phone calls. Then people show up with guns, threaten her. She gives them a month of money that would have paid for all of her family's food, which is an economic harm. And then this is witnessed by her father. She has a declaration also from her brother-in-law that says that his brother was actually extorted in a similar way and even shot and told that if you go to the police, we will kill you. My client is now married to him. That's her husband. So her own husband was shot in similar circumstances. And that's why, you know, there's evidence that it would have been futile to go to the And I think respectfully, having maybe a 31% chance of a complaint issuing versus possibly being killed, she shouldn't have to get shot and murdered or maybe have her eight-year-old child, you know, harmed or her father to prove the point that she was deserving of seeking asylum here. Counsel, can I take you back to the threshold issue, which is whether there was an abuse of discretion in refusing to accept the late filed brief? You argue that the agency didn't really identify a rationale in its brief order, that it was a boilerplate order. And I looked at the order, and you're right, it looks to be a boilerplate order. But I also looked at the motion that was filed by your predecessor, counsel. I know it wasn't filed by you, but that motion, I think, was also fairly boilerplate. I think it only included two sentences essentially just saying, I meant to file it with the BIA. I filed it with the IJ, and therefore there were technological issues, and that's it. So when the agency issued its order saying that the explanation in the motion was insufficient to justify the exercise of the BIA's discretion to accept the late filed brief, why isn't that enough? And your argument seems to be that it's inconsistent with a settled course of education, but you only cited, I think, a handful of unpublished decisions. So, you know, it's an abusive discretion standard, very short motion filed. Why is what the agency did here wrong? There's a couple reasons why I think it would rise to the level of abusive discretion. First of all, the government didn't even oppose the motion to accept the brief late. It was filed within 21 days, which is ordinarily the amount of time in which the BIA will grant you an extension of time to file a brief. So a brief was timely filed even within the 21 days, assuming an extension was sought. This is an error. Attorneys only are required to be ordinary and fallible. This is fallibility. Does it rise to the level of, for example, she's not saying I went to the beach, I fell asleep, I forgot to, you know, the excuse is that she checked the wrong box on an electronic database. And I think in that circumstance alone, this would rise to the level of abusive discretion where we have found numerous unpublished cases where the BIA would accept late filed briefs in other circumstances. It appears as though the board is treating it like a mandatory claims processing rule when the government didn't even object and the government shouldn't gain the benefit here in this type of situation. I guess, you know, similar to the previous case we heard, the BIA could have ruled in your client's favor, but again, it's an exercise of its discretion. It doesn't have rules in place, it's just a few unpublished decisions. Sometimes it's exercised its discretion to accept the late file brief. In this situation, it decided the motion submitted by predecessor counsel was not enough to justify the exercise of its discretion. Why? Why is that an abuse of its discretion? Just because it could have ruled otherwise.  Of course. I think it was an abuse because this court isn't really left with much analysis upon which to conduct the appellate review and scrutinize the decision. I mean, the attorney stated specific reasons for why it was filed untimely and promptly corrected it, and then the BIA just rejects those reasons with no rationale or explanation. But I mean, in fact, the motion maybe rightly says it was timely filed, right? Yes. So, I mean, one way to view this is they've determined something untimely. They called it untimely, but this motion says it was timely. Our reason is we made this technical malfunction, and then there's no real, I mean, it's your position that there's no real analysis of, well, what do we make of that, and we just issue a boilerplate version? I mean, I guess that is the position, right? So it was a timely filed brief, just a mistake in the computer. Yes, a mistake, and again, attorneys are allowed to make mistakes. I mean, we all make mistakes, and I think given the circumstances in which she's facing what she believes to be a life or death situation based on all the record evidence before the agency that this brief should have been accepted and the BIA should have addressed the merits of her appeal and failed to do so, and that would provide a basis for this court to issue a remand. I will reserve my rebuttal time. Thank you. Thank you, counsel, at this time, and counsel for the government, please introduce themselves on the record to begin. Good morning, may it please the court, Taryn Arbeiter for the U.S. Attorney General. This court should deny the petition for review for the reasons we were discussing earlier, that the board acted well within its discretion when it denied the motion to accept the petitioner's late filed brief, and second, substantial evidence supports the dispositive ruling that the government was not unable or unwilling to protect Ms. Lopez-Gomez from the harm she feels in Guatemala. Turning to the motion to accept the late filed brief, ACFR 1003.3c1 provides a 21-day deadline for filing the briefs, and the board's handbook provides that it must be received by the board, and the board just was merely enforcing its procedural rules, and that cannot constitute an abuse of discretion. But there's a good cause portion to that, correct? Yes, your honor. Can it be abuse of discretion for us to conclude that there was no real consideration of what was put forward for a good cause, and you just went ahead and, you know, just marched ahead and enforced your rules with no thinking whatsoever about the circumstances that arose here and that that's the abuse of discretion? Possibly, your honor, but as was discussed, the board had very little to go on in this motion. What more is there? This motion says it was timely filed, but it was an electronic error. So you knew what the electronic error was because clearly you had the document, you knew it was filed with the Immigration Court. You also knew it's now, it should have been filed with the BIA. The person's telling you, I filed it within the time, but I clicked, I made an electronic error that sent it to the wrong place. All timely and within the, right, beyond the 20 days, but within the 90 days for which you can extend it, that's the argument. It's not long because there's not a lot to say. But what is it, what more did you need to know? Right, and I think that the board, your honor, did not commit an abuse of discretion in similarly denying the motion with very little, just explaining that it did not, it did not buy the rationale provided. Give me a rationale that says we shouldn't let a person who's facing removal from the United States to a dangerous country, the chance to make their arguments because their lawyer clicked the wrong box. Tell me what's thoughtful about that conclusion. Well, your honor, so an abuse of discretion is a material error of law, exercising its authority arbitrarily, capriciously, irrationally, inexplicably departing from established policies or arresting it, the decision on an impermissible basis. And I just don't see any of those there where the board has decided to enforce the 21 day filing deadline. So what's the rational explanation? The rational explanation is that they didn't accept the argument that it was filed in the immigration court. They could tell it was filed on time, right? The petitioner provided in their motion the copies, it looks like, of the notices that they received. And they could tell that it was just filed in the wrong location? Correct. So what's not to accept? They, I mean, so, I don't know the exact, like, besides their rejecting the argument, I mean, they are, the board is familiar with the ECAS system that this was filed on, they're familiar with their general practices and they have, you know, attorneys filing with them all the time and so they had the discretion to go ahead and remove that, to deny that motion. I think we all agree they had the discretion. The question is, are they abusing that discretion by refusing to accept the late filed brief? And it's not, Judge Aprem has said a few times, do you agree, it wasn't even late filed, it was filed in the wrong location, do you agree with that? I do agree. Okay. And so, what's the rationale for refusing to consider arguments that were filed timely but mistakenly in the wrong location? All I can say, Your Honor, is that the board didn't find that persuasive as to, you know, their good, it didn't find it to be good cause. No explanation other than, no, we're not going to do it? It just. That's waived all of the arguments on your Board of Immigration Appeals. Well, the board, you know, we don't know, actually, another factor is, like, we don't know what was in this, the petitioners have never said what arguments were raised in their I mean, so we don't know, and that wasn't attached to the document, it's not in the record as far as what that brief looked like, but, yes, the board, you know, merely said that they disagreed with this very short reason given, and, I mean, what else were they to say in some ways, like, they just didn't find that particular situation to warrant an exercise of discretion. But, counsel, given that they do have a rule allowing them to exercise their discretion otherwise, I mean, you agree that the order here literally just had a blank space, and they filled in, I think the word responded, if I'm remembering correctly, and they didn't engage with the reason at all. Since they are allowed to exercise their discretion to do something else, shouldn't they have explained why they chose not to accept the brief here, especially when it wasn't actually late? Your Honor, our position is that this notice of action of late filed brief is sufficient, especially given the length of the motion, that, you know, really only one sentence in this motion gives the reasons. I want you to take my brief. I have two points to make to you. I filed it timely, and there was an electronic error that let it go to you, that let it go to the Immigration Court and not the BIA. That's what happened. Please give me a chance to make my arguments. That's my argument. I mean, this is not the case. This is some little filing problem, and your response is, that's a short explanation, so we provide no response other than no. But they told you everything you need to know, and you had no explanation. Just no. Right, Your Honor, and I think that the Board just merely found that this particular situation did not warrant an exercise of discretion. Their answer was as simple as no, that those particular circumstances do not. It is true that sometimes they do grant extensions? Yes, that as the petitioner, you know, filed several unpublished decisions, or unpublished notices from the court. And is it true that it's Board practice to grant 21-day extension? Does it matter? Of course. That I can't speak to, Your Honor. I don't have any, you know, evidence, there's no evidence in the record that that would be the case. It's true that briefs can be accepted up to 90 days past the deadline under Board rules? I believe that's true. You can't allow that. If that's what the manual says, but I, there's definitely, there's certainly not a pattern, you know, a practice. So they don't want to play briefs later than 21 days? Yes, Your Honor. And this one, they just, with no explanation, decided no. Yes, and I think that's what was within their discretion. Let me ask a question I asked your friend. If that's, let's say, let's just assume for this moment I think that was an abuse of discretion, what do we do with the rest of this case? Do we reach those issues or does it have to go back to the Board? Yes, Your Honor. So I would agree with the petitioner that this court can resolve the issues. What's your authority for that? I don't, that seems very contrary to my understanding of administrative law. I'm not sure if that was a district court. That makes sense to me. But this is an administrative agency. Do you really want us? Why aren't they not exhausted? Right. So in this particular case, I will say that this court has twice, at least in two cases, noted that in order to prevail on an abuse of discretion argument, inherent in that inquiry is whether they were prejudiced at all. And in this case, we don't know, yes, we don't know what the arguments were that were raised before the Board. They never got a ruling from the Board, right? So our review... They did get a ruling from the Board. If they got a ruling from the Board, they were not going to consider your arguments. But if we reached the merits here, we'd be discussing substantial evidence. Agreed? Agreed, Your Honor. That's a very favorable standard for the Board, correct? Yes. If this were considered by the Board, some of these arguments would have been considered by the Board de novo, correct? That's how the Board works. Yes. Like, whether there's persecution de novo before the Board, but it's substantial evidence before this Court. Right. Well, a lot of it would be clear error for the factual findings. Whether there was persecution, I'm quite sure, is de novo before the Board. So the prejudice is, I had a chance for this entity that would have given me a more favorable standard of review to review my matter, but they wouldn't hear my arguments. And now it's up here at the Court of Appeals, and they're just looking at substantial evidence, which is much less favorable to me. So what I lost out on was a chance for a decision-maker with a more favorable standard of review to look at my case. That seems prejudicial. Perhaps, Your Honor. The difference I would point out is that the Board did adopt and affirm all of the immigration judge's findings. So we do have a decision to evaluate here. The Board did independently look at the immigration judge's decision and determine that it agreed with the immigration judge for the reasons stated by the immigration judge. So we have a Board decision to analyze here. Counsel, we, in all of these situations, and that's why I really appreciate your input on the exhaustion issue. In all of the situations where we get a case that we have to decide, we have a Board decision to review. But nevertheless, we have said in various situations that certain arguments are not exhausted, and therefore, we can't consider them because they weren't made to the BIA. So here, because the BIA didn't look at Petitioner's brief, why aren't all of the, whatever arguments were in that brief, we don't know, as you said, but why wouldn't all of those arguments be not exhausted? So in other words, how can we consider the arguments in their brief now when we don't know what arguments were even made to the BIA? Right. Your Honor, so I've looked at that, and I've looked at the two arguments that I think are not exhausted in their brief. The first is their past persecution claim that the IJ must not have considered some of the documentary evidence, like the Declaration. And the second is their argument that the Nexus Standard applicable to withholding of removal is the one central reason. But the reasoning of the IJ and the IJ's findings is amenable to review in this Court. And so, and most of the brief takes issue with the IJ's sort of reasoning that is available for review. So for example, in the past persecution claim, the claim that the IJ must not have considered the Declaration of the Father, that is something that this Court can look at the decision and say, you know, there's substantial evidence in the record supports this finding that there was not past persecution. And likewise, that, you know, as far as the unable and unwilling argument, we didn't really point to anything in the petitioner's brief that we didn't consider exhausted before the agency, because it was merely just a question of whether substantial evidence supports whether the government of Guatemala is unable and unwilling. There weren't sort of like, yeah, thank you. Thank you, counsel. At this time, would counsel for the petitioner please reintroduce himself on the record? He has one minute. Yes, good morning again, Attorney Todd Pomelo on behalf of the petitioner. Just be brief and talk about the late file brief issue. And the reason why, I think the record appendix, I mean, that will be filed here, pages four and five show why it's an abuse of discretion. The rejected filing, so it's filed on the 21st of June, 2024. The Immigration Court doesn't even issue a rejection notice for seven days. So on the 28th, the rejection notice is issued and then served on counsel. However, three days after the brief was tenured to the wrong court, she files the motion for accepting the brief and states the reasons for why it was filed in the wrong location. So she didn't even, so the Immigration Court waits a week. She waits three days. None of this is discussed by the BIA and respectfully, I think. Wait, counsel, can you explain that? How did she realize it was filed in the wrong court before getting the notice from? Because the electronic filing, so you can get electronic notice before it's actually mailed to you. It's a newer system called ECAS, a lot of, permission to answer, a lot of immigration cases used to be paper files. And it's not like ECF. They put a new system in place, yes. You know, the Federal District Court's had electronic filing for 20 years, immigration for the last... Would she have known simultaneously the way that ECF works, would she have known right away that she had filed it in the wrong place through the, through ECAS? It's unclear how she noticed it, but she did file three days later and explained what had  This is similar like when you go to like electronic banking and you look at, I want to transfer money from my operating account, you know, or your personal account to your checking and your savings, and you click the wrong, you know, drop-down box, you send it to the wrong location. That's effectively what happened here. It's the same system. You can file an appeal with the Board of Immigration Appeals if it's an electronic filing. You can upload and file documents before the immigration court, you know, nationwide. And what had happened here is she files everything in the wrong boxes check, so it goes to the wrong, you know, agency, both within the Executive Office of Immigration Review, and three days later files a motion saying, here's the error that occurred. It was really equivalent to like a scrivener's error, and it results in her client not even getting fully heard here. So I would just respectfully suggest that that is an abuse of discretion and that this Honorable Court should remand for that circumstance, and I think the better course would be to remand on all proceedings for the Board to look at the evidence that it never looked at in the first place because it never accepted her brief. Thank you very much. Thank you. Appreciate it. Thank you, Counsel. That concludes argument in this case.